[No. 1421, June 3, 1912.]

THE GAUSS-LANGERBERG HAT CO., Plaintiff in Error, v. THE RATON NATIONAL BANK, Defendant in Error.

### SYLLABUS (BY THE COURT).

1. Where the record on writ of error fails to contain the writ of error, no jurisdiction exists in this court to entertain the proceeding; and it will be dismissed.

2. Where plaintiff filed his motion for leave to file as-

signments of error, before the defendant moved for the dismissal of the cause for failure to file assignments of error, the record is clear for the granting of plaintiff's motion to cure his default by filing assignments of error.

Error to the District Court of Colfax County.

## OPINION OF THE COURT.

MECHEM, D. J.—The defendant in error on January 30, 1912, filed its motion to dismiss the writ of error in this cause because of the failure of the plaintiff in error to file its assignment of errors on or before the return day of the writ, as required by sec. 21, chap. 57, laws of 1907. That statute provides that if the plaintiff in error fails to file an assignment of error on or before the return day, the writ of error may be dismissed and the judgment of the lower court affirmed, upon motion of the defendant in error, unless the plaintiff in error shall show good cause for his default. The return day of the writ in this cause was December 15, 1911.

It has been held in this court that where the motion of defendant in error is filed before the plaintiff in error has cured his default, in the absence of a satisfactory showing excusing the default, the writ of error will be dismissed.

Price, et al. v. Toti, et al., 113 Pac. 624.

The Sacramento Irrigation Co. v. Lee, 15 N. M. 567.

Martin v. Terry, 6 N. M. 491.

Lamy v. Lamy, 4 N. M. 29.

On the date of the filing of the motion to dismiss, the plaintiff in error had not filed a transcript or an assignment of errors, so that the motion is timely. But it appears from a certified copy of a part of the record of the lower court filed by defendant in error with its motion, that on the 29th day of December, 1911, the plaintiff in error made an application to the District Court "for an extension of time within which to perfect its writ of error and to substitute papers which appear to have been lost," and it further appears from an order made by the District Court that said court "does hereby

extend the time in which the said plaintiff may perfect
its writ of error in the Supreme Court of the Territory
of New Mexico for a period of sixty days from this. date."

By sec. 21, chap. 57, laws of 1907, as amended by sec.
2, chap. 120, laws of 1909, a plaintiff in error is required
to file a transcript of the proceedings in the cause in the
office of the Clerk of this court at least ten days before
the return day of the writ, but it is further provided
"That the Supreme Court, or the Judge of the District
Court, where such judgment was rendered, may for good
cause shown, satisfactory to him, grant to the appellant
or plaintiff in error, further time to file a complete tran-
script in said cause, even though the time to file the same
may have expired." The order of the District Court is to
be considered as granting the plaintiff in error further
time in which to file its transcript in this court.

Speaking of that portion of sec. 21, supra, which pro-
vides that a writ of error, may be dismissed on motion.
of defendant, on account of the failure of the plaintiff
in error to file his transcript within ten days before the
return day of the writ, this court in the case of Armijo
v. Abeytia, 5 N. M. 533, said:

"The object of the statute is, undoubtedly, to assure
promptness in obtaining the decision of the appellate
court, in order that the successful litigant in the nisi
prius court, if rightfully entitled to his judgment or de-
cree, may not, by negligence or wilful dereliction on the
part of the appellant, be deprived of his rights."

If the failure of the plaintiff in error to file its assign-
ment delayed the hearing of this cause, the defendant in
error might well complain, and such delay the statute
was designed to prevent or punish.

Although, as contended by counsel for defendant in er-
ror, there is no statute in this state, which grants to a
Judge of the District Court the power to extend the re-
turn day of a writ of error, or to extend the time in which
an assignment of error may be filed, yet as the District
Judge does have the power to extend the time of filing
a transcript in this court, and until the transcript is filed
the issues cannot be made up and the cause set for hear-

ing, practically the effect of an order of the District Judge enlarging the time in which to file a transcript as effectually extends the return day of the writ as if the statute granted the power to do so in express terms. Further, by the terms of the statute, the assignment of errors may follow the transcript in time of filing, an orderly sequence in appellate procedure, and there can be no good reason advanced why, if the time of filing the assignment of errors should not be considered as extended, at least the plaintiff in error should not be held to be in default for want of an assignment of errors until he files his transcript, if such transcript be filed within the time as extended, for such default in no wise injures the opposite party. The motion to dismiss the writ of error is denied.

After the submission of this case on defendant's motion to dismiss for failure of plaintiff to file an assignment of error, the plaintiff on February 12th, filed with the clerk of this court a transcript of the record and thereafter on February 28th, the plaintiff filed its motion for leave to file an assignment of error. Before the time of filing of the motion for leave to file assignment of error the defendant did not move for dismissal. The record is therefore clear for the allowance of plaintiff's motion to cure its default and its motion for leave to file as assignment of error is granted.

Armijo v. Abeytia, supra.

Sacramento Irrigation Co. v. Lee, 15 N. M. 567.